SILNUTZER, P.C.
335 E. Jimmie Leeds Road
Building 200- Suite C
Galloway, New Jersey 08205
(609) 748-6100
By: Steven A. Silnutzer, Esq.- SAS-0833
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Case    13-21376-GMB |
| | ) | |
| THOMAS J. COCCO | ) | Chapter 13 |
| | ) | |
| | ) | CERTIFICATION OF DUANNE PHILLIPS |
| | ) | IN SUPPORT OF MOTION TO PROTECT |
| Debtor(s) | ) | INTEREST IN REAL ESTATE / 99 YEAR LEASES/ |
| | ) | PERSONAL PROPERTY |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | CERTIFICATION OF DUANNE PHILLIPS |
| | ) | ALSO BEING USED AS SUPPORTING |
| | ) | CERTIFICATION IN MOTION FILED BY |
| | ) | STEVEN A. SILNUTZER THAT DEMANDS |
| | ) | SANCTIONS TO BE PAID FROM SWAN LAKE |
| | ) | RESORT, LLC TO DEBTOR THOMAS J. |
| | ) | COCCO AS WELL AS FOR SANCTIONS TO |
| | ) | BE PAID BY LORI C. GREENBERG, ESQ. |
| | ) | TO DEBTOR'S ATTORNEY STEVEN A. |
| | ) | SILNUTZER FOR BOTH PAST VIOLATIONS |
| | ) | OF THE AUTOMATIC STAY IN BANKRUPTCY |
| | ) | AS WELL AS THE RECENT AND CONTINUING |
| | ) | ACTIVITIES OF SWAN LAKE RESORTS, LLC |
| | ) | AND THEIR ATTORNEY LORI C. GREENBERG |
| | ) | THAT CLEARLY VIOLATE THE AUTOMATIC |
| | ) | STAY IN BANKRUPTCY |

PLEASE NOTE THAT THE CERTIFICATION OF DUANNE T. PHILLIPS

BEGINS ON THE FOLLOWING PAGE:

I, DUANE T. PHILLIPS, being of full age, hereby certifies as follows:

1. I have known Thomas Cocco, Sr. for about 7 years. I have discussed a number of legal issues with him, including the many parts of this matter.

2. On September 7, 2012, I represented Aubrey Sage, a tenant of Mr. Cocco at the Landlord/Tenant Court before the Honorable Allen J. Littlefield, J.S.C.

3. This was the hearing where Judge Littlefield decided to dismiss the Landlord/Tenant actions filed by Swan Lake Resorts, LLC represented by Lori Greenberg, Esq. and transfer them to the Law Division for a period of discovery and a trial on the merits.

4. Judge Littlefield made a thorough examination of the 99-year leases which Ms. Greenberg had copies of. In fact, those leases were the basis for Ms. Greenberg's Landlord/Tenant actions. So she acknowledge by filing three separate Landlord/Tenant actions that Mr. Cocco owned three units.

5. Judge Littlefield found that no rent was owing because the 99-year leases were pre-paid and did not provide for any rent payments.

6. Judge Littlefield was offered payments for utilities by Mr. Cocco, but Ms. Greenberg declined to accept them.

7. Judge Littlefield found that no monies were due towards maintenance fees because no maintenance had been done and the property had few if any functioning services.

8. Judge Littlefield found that Swan Lake Resorts was not able to establish any other grounds for removal under Landlord/Tenant law.

9. Judge Littlefield was familiar with the previous complaints filed by other 99-year lease holders and by Mr. Cocco against the bank that foreclosed on the property (Shore Community Bank) and the restraints against forcible removal and against turning off utilities entered by the

Chancery Judge, the Honorable William C. Todd, III, P.J.Chan.

10. As an aside, this case deals with a large property, about 130 acres on a lake that had been used as a campground and had a number of year-round residents living on it. The previous owner had sold about 39 ninety-nine year leases to various sites in the campground.

11. When the bank foreclosed on the property, it did not name any of the 99-year leaseholders. The bank did not question the validity of the 99-year leases.

12. Naturally, the property did not sell because of the problems of removing the 99-year leaseholders.

13. The bank then "sold" the property to Swan Lake Resorts, LLC for them to get rid of the 99-year leaseholders based on my review of the deed and mortgage documents.

14. Swan Lake Resorts then initiated a series of actions to get rid of the 99-year leaseholders, making threats, telling them they would be responsible for "their" share of the "4 million in improvements" they planned, and just making their lives miserable.

15. Most of the 99-year leaseholders succumbed to the pressure, surrendered their leases and entered into new leases, or just gave up.

16. Mr. Cocco did not give up.

17. The transferring of the cases from Chancery and Landlord/Tenant to the Law Division did not remove the restraints against forcible removal and against not turning off the utilities entered by Judge Todd.

18. After Judge Littlefield's decision, Swan Lake Resorts continued to harass and intimidate Mr. Cocco and his tenants.

19. After a few months, the tenants had had enough and moved out.

20. Swan Lake Resorts illegally and repeatedly turned off electricity (provided from a

central source Swan Lake controlled) and water, filed numerous court pleadings, refused to accept any pleadings from Mr. Cocco, cut down a tree that fell onto Mr. Cocco's property and destroyed part of the fence, falsely claimed personal service of pleadings, which Mr. Cocco proved at trial, told lies about Mr. Cocco to the local government and to his neighbors and had ex parte communications with the Honorable James Savio, J.S.C., the Law Division judge who took over the case.

21. Mr. Cocco was declared indigent by the Honorable Carol E. Higbee, Presiding Judge of the Law Division (Civil) in January 2013.

22. Ms. Greenberg knew of Judge Higbee's decision and complained about it but Judge Higbee said that even though he owned more than one unit that because of the actions of Swan Lake and its agents, Mr. Cocco was receiving no income from the other units.

23. There is no question that Judge Littlefield believed that Mr. Cocco had valid damage claims, had 99-years leases on three sites within the property and owned the trailers with attachments on the sites. Judge Todd did not question that Mr. Cocco had 99-year leases and that the actions of the bank were so egregious so as to not even require that Mr. Cocco pay utilities on his units, instead requiring that the utilities must be maintained for Mr. Cocco's properties and for the issue to be decided later during the damages phase. Even Judge Higbee did not question Mr. Cocco's ownership of the leases, instead finding that because of the actions of Swan Lake Resorts, Mr. Cocco was unable to obtain any rental income from the other two units, thus making him indigent.

24. Mr. Cocco never went through a discovery period or a trial. Instead, he was subjected to a criminal proceeding, without being charged, without a prosecutor, without jurisdiction, and being threatened with immediate incarceration, alleging that he committed perjury by saying that he had not personally received service of pleadings from Ms. Greenberg which failed when even the Court could not believe Ms. Greenberg's witness. Then, even though he had been declared indigent,

he was required to deposit into escrow with the Court about $14,000 on short notice or he would be evicted, **even though two judges had previously found that was not necessary since Mr. Cocco's ownership interests in the 99-years leases and the trailers on the sites more than compensated for any claims by the bank or Swan Lake Resorts against Mr. Cocco.** After he appealed that decision, Judge Savio engaged in ex parte communications with Ms. Greenberg and signed an order of ejectment with no notice, no factual basis and no legal basis, but just because Mr. Cocco had the audacity to appeal him up to the Supreme Court.

25. Now, I understand that Swan Lake Resorts and Ms. Greenberg have deliberately and willfully disposed of property belonging to Mr. Cocco even though they had full knowledge of the Automatic Stay imposed by the Bankruptcy Court.

26. I ask that the Bankruptcy Court find that Mr. Cocco has property interests in the three 99-year leases, which are almost the equivalent of fee simple in New Jersey, and in the three trailers with porches, rooms, etc., attached to them, which Swan Lake Resorts has either destroyed or sold to others.

27. I note that Ms. Greenberg has full knowledge of everything because I have seen her argue in Court and discuss the 99-year leases. Any claims by her otherwise are nonsense. She has claimed she had an Order of the Court allowing her and her client, Swan Lake Resorts, to turn off the electricity and utilities to Mr. Cocco and his tenants but she has never produced one because no such Order exists.

28. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: 8/19/13

DUANE T. PHILLIPS